IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01584-PSF-MEH

MARY TAYLOR,

     Plaintiff,

v.

KODIAK ENGINEERING LTD., a Canadian corporation,

     Defendant.

_____

**ORDER ON PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S NONPARTY DESIGNATIONS**

_____

Plaintiff alleges that Defendant caused her husband's death when the crown of an oil rig fell on Randal Taylor.  Defendant designated several persons as a potential nonparties at fault under Colo. Rev. Stat. 13-21-111.5(3)(b).  Plaintiff has moved to strike the nonparty designations (Docket #53), asserting that (1) the designation as to Randal Taylor's employer, Wolverine Drilling, Inc., was beyond the statutory time; and (2) the designations of all four nonparties fails to comply with the statutory requirements for providing a factual and legal basis for the nonparties' alleged fault in the accident.  The motion has been referred to this Court.  The matter is briefed, and oral argument would not materially assist the Court in adjudicating it.  For the reasons stated below, the Court **grants in part** and **denies in part** the Plaintiff's motion.

**I.**     **Facts**

Plaintiff alleges that on August 11, 2004, the top portion, or "crown assembly," of an oil rig collapsed, killing Randal Taylor.  Mr. Taylor was employed by Wolverine Drilling, Inc., who was operating the rig for the owner of the mineral rights.  The Defendant here was hired by Wolverine to

inspect and certify this rig prior to it being placed in operation in 2003.

This action was filed on August 10, 2006.  Pursuant to Colorado's nonparty designation statute, Colo. Rev. Stat. § 13-21-111.5, a designation of nonparties must be filed within 90 days following commencement of the action.  In this case, that would have been November 9, 2006. Defendant filed its answer on November 9, 2006, but did not file its designation of nonparties until January 15, 2007.  Defendant has never sought leave of court to file its designation out of time.  As noted above, Plaintiff has moved to strike the designation under various theories.  This is relevant with regard to Wolverine.  With regard to the other three designated nonparties, Tim Bauer d/b/a Bauer Welding; Tim O'Brien d/b/a O'Brien Welding; and Rig Structures & Supply, Inc., they were still actual parties as of Defendant's designation on January 15, 2007, but it was known to the parties that Plaintiff was resolving the case as to those parties and, indeed, the former two were dismissed on January 29, 2007, and the latter was dismissed on February 6, 2007.  Plaintiff does not make a timeliness argument as to these latter three, but rather argues that under the authority of Colorado cases, the designation was inadequate.

**II.     Discussion**

     A.     <u>Wolverine Drilling</u>

The parties disagree about whether a Defendant can designate as a nonparty an employer who, under the state worker's compensation laws, is immune from suit for negligence.  There is certainly Colorado case authority for designating such an entity as a nonparty at fault, despite Plaintiff's inability to recover negligence damages in a tort suit against his employer.  *E.g.*, *Inland/Riggle Oil Co. v. Painter*, 925 P.2d 1083 (Colo. 1996); *Salazar v. American Sterilizer Co.*, 5 P.3d 357 (Colo. App. 2000).  However, the Court need not reach this issue.  It is clear that this Court must "'construe

designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover.'" *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1278 (10th Cir. 2005) (quoting *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 80 (Colo. 2001). Here, Defendant never requested leave of court to designate a nonparty out of time, so the Court does not even have before it a request to permit such belated designation, which it could grant. Defendant was aware of the lawsuit and of the potential role of Plaintiff's employer prior to the expiration of the statutory 90-day period. Even if Defendant had sought leave of court to designate Wolverine out of time, Defendant has not provided good cause why it could not have submitted its designation within the statutory period. Indeed, the Amended Complaint that was served on Defendant prior to filing its answer clearly designates the oil rig as having been operated by Wolverine, Amended Complaint, ¶¶ 12, 14, 16, etc., with whom Defendant had a contract in 2003 concerning the rig. The record indicates that Defendant was served with the Amended Complaint on August 29, 2006. Docket #14. Therefore, the Motion to Strike as to Wolverine is **granted**.

B.    Remaining Defendants

In *Redden*, the Colorado Supreme Court held that a nonparty designation "must go beyond bald allegation" of negligence. 38 P.3d at 81. The *Redden* court was clear that "a simple statement supporting only 'causation'" "*does not*" "satisf[y] a statutory requirement of an allegation of 'fault or negligence.'" *Id.* at 80 (emphasis added). The court held that "[a] proper non-party designation connects alleged facts with the established elements of negligence," *id.* at 81, those elements being "the existence of a duty, a breach of that duty, causation, and damages." *Id.* at 80. Therefore, a defendant must be able to assert, in compliance with Fed. R. Civ. P. 11, all the elements of negligence in its designation of nonparties.

3

The Court finds Defendant's designation of the remaining parties sufficient under the statute. Much of what Plaintiff argues in the Motion to Strike goes to whether the District Judge who will conduct the trial of this case will permit the issue of the negligence of the three designated nonparties to go to the jury. *E.g.*, Motion to Strike at 4 ("Thus, where a defendant presents no evidence of liability of the non party, the court should not submit that claim to the jury.") (citations omitted). The Court agrees with the Plaintiff that the *evidence* appears to show that the three nonparties should not be include in any jury findings; however, that is not the standard for this Court to apply. Defendant has provided "a brief statement of the basis for believing such nonpart[ies] to be at fault." Colo. Rev. Stat. § 13-21-111.5(3)(b), and at this point, that is sufficient. Therefore, as to the remaining three designated nonparties, the Motion to Strike is **denied**.

## III.     Conclusion

For the foregoing reasons, Plaintiff's Motion to Strike Defendant's Nonparty Designations (Docket # 53) is **granted in part** and **denied in part** as stated herein.

Dated at Denver, Colorado this 19th day of June, 2007.

BY THE COURT:

_s/ Michael E. Hegarty_____
Michael E. Hegarty
United States Magistrate Judge